UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

ANTONIO LEE MIXON,

Petitioner,

v.

BRIAN E. WILLIAMS,

Respondent.

Case No. 2:17-cv-02292-RFB-NJK

ORDER

This is a habeas corpus proceeding under 28 U.S.C. § 2254. Respondents have filed a Motion to Dismiss in response to the Petition in this matter, asserting that three of Petitioner Mixon's five claims are unexhausted and that two of those claims are barred by Tollett v. Henderson, 411 U.S. 258 (1973). ECF No. 46.

I. PROCEDURAL BACKGROUND

Having initially been charged with murder, Mixon entered a negotiated plea of guilty to voluntary manslaughter with the use of a deadly weapon. ECF No. 23-14 at 2-6. In December 2012, the court sentenced Mixon to consecutive ten-year sentences with parole eligibility on each after four years. ECF No. 23-15 at 3-4. Mixon did not appeal his judgment of conviction.

Mixon initiated state post-conviction proceedings in December 2013, ECF No. 23-26, and thereafter filed numerous pleadings in state court, including a counseled supplemental petition, ECF No. 24-13. The state district court held an evidentiary hearing, ECF No. 24-19, and subsequently denied relief, ECF No. 24-20 at 1-15. Mixon appealed. ECF No. 24-22.

Through counsel, Mixon filed an opening brief, but the Nevada Supreme Court subsequently granted Mixon's motion to dismiss counsel and proceed pro se. ECF No. 24-33 at 2-3. The court directed Mixon to file his own brief and indicate whether it was intended to supplement or replace the brief filed by counsel. Id. at 2. Mixon filed an informal brief indicating that he wanted his brief to replace, rather than supplement, the counseled brief. ECF No. 24-34 at 2.

The Nevada Supreme Court then referred the matter to the Nevada Court of Appeals for disposition. ECF No. 24-37. In August 2017, the Nevada Court of Appeals entered an order affirming the district court's denial of relief. ECF No. 24-41 at 2-6. That same month, Mixon initiated this federal habeas proceeding. ECF No. 1.

II. EXHAUSTION

Respondents argue Mixon has failed to exhaust state court remedies for Grounds 3, 4, and 5 of his federal habeas petition. A federal court will not grant a state prisoner's petition for habeas relief until the prisoner has exhausted his available state remedies for all claims raised. Rose v. Lundy, 455 U.S. 509 (1982); 28 U.S.C. § 2254(b). A petitioner must give the state courts a "fair opportunity" to act on each of his claims before he presents those claims in a federal habeas petition. O'Sullivan v. Boerckel, 526 U.S. 838, 844 (1999); see also Duncan v. Henry, 513 U.S. 364, 365 (1995). A claim remains unexhausted until the petitioner has given the highest available state court the opportunity to consider the claim through direct appeal or state collateral review proceedings. See Casey v. Moore, 386 F.3d 896, 916 (9th Cir. 2004); Garrison v. McCarthey, 653 F.2d 374, 376 (9th Cir. 1981).

Ground 3 alleges that law enforcement violated Mixon's right to be free from self-incrimination by eliciting an incriminating statement from Mixon after Mixon purportedly stated "I plead the fifth." ECF No. 44 at 9-11. Ground 4 alleges that law enforcement suppressed evidence in violation of Brady v. Maryland, 373 U.S. 83 (1963). Id. at 13-15. Ground 5 is an actual innocence claim. Id. at 16-21.

Mixon concedes that he has not fairly presented these claims to the state court. ECF No. 48 at 1. This raises the question whether the claims are "technically exhausted" but nonetheless procedurally defaulted because Nevada's procedural rules would now bar consideration of the claims. See Cooper v. Neven, 641 F.3d 322, 328 (9th Cir. 2011). For Grounds 3 and 4, this Court need not answer the question because, as discussed below, the claims are either barred under Tollett or plainly lack merit.

With respect to Ground 5, it is not clear to this court whether the Nevada courts would entertain Mixon's claim of actual innocence. See Berry v. State, 363 P.3d 1148, 1154 n.3 (Nev. 2015) ("This court has yet to address whether and, if so, when a free-standing actual innocence claim exists."). Because the state court's treatment of the claim hinges on an unanswered state law question, this Court is unable to determine that Ground 5 is technically exhausted but procedurally defaulted. Accordingly, the Court is left to conclude that it is unexhausted.

### III. *TOLLETT V. HENDERSON*

In Tollett v. Henderson, the United States Supreme Court held that "when a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." 411 U.S. 258, 267 (1973). A petitioner may only attack the voluntary and intelligent nature of the guilty plea. Id.

Mixon's claim in Ground 3, that the State violated of his Fifth Amendment right to be free from self-incrimination, falls squarely within the class of claims that are foreclosed by Tollett. See United States v. Benson, 579 F.2d 508, 510 (9th Cir. 1978).

As for Ground 4, the Ninth Circuit has held that Tollett does not bar a Brady claim if the defendant contends that his guilty plea was not voluntary and intelligent because the plea was made in the absence of withheld Brady material and the withheld information is material to the decision to plead. Sanchez v. United States, 50 F.3d 1448, 1453–54 (9th Cir. 1995). The Constitution does not, however, require the disclosure of material impeachment evidence prior to

entering a plea agreement with a criminal defendant. *United States v. Ruiz*, 536 U.S. 622, 633, 122 S.Ct. 2450, 153 L.Ed.2d 586 (2002).

According to Mixon's allegations in Ground 4, the evidence improperly suppressed by the State consisted of information possessed by a police detective that Mixon had invoked his right to remain silent prior to making an inculpatory statement to the detective ("I'm the guy you're looking for."). ECF No. 23-3 at 65. The information was useful only to the extent that Mixon may have been able to use it to support a motion to suppress the statement, an issue that was waived by his guilty plea. Moreover, Mixon's allegations do not establish a Brady violation because he was undoubtedly aware of the information – *i.e.*, the content of his conversation with the detective – irrespective of whether the State disclosed the information. See Raley v. Ylst, 470 F.3d 792, 804 (9th Cir. 2006) (rejecting Brady claim where "[p]etitioner possessed the salient facts regarding the existence of the records that he claims were withheld"). Thus, even if not barred by Tollett, the claim is subject to dismissal because it plainly lacks merit. See Cassett v. Stewart, 406 F.3d 614, 623–24 (9th Cir.2005) (it is appropriate to deny an unexhausted claim on the merits, pursuant to Section 2254(b)(2), when it is "perfectly clear" that it presents no colorable federal claim.)

**IT IS THEREFORE ORDERED** that Respondents' Motion to Dismiss (ECF No. 46) is GRANTED. Grounds 3 and 4 of the Amended Petition for Writ of Habeas Corpus (ECF No. 44) are dismissed as discussed *supra*. Ground 5 is unexhausted.

**IT IS FURTHER ORDERED** that, with respect to Ground 5, Petitioner has **thirty (30) days** to either: (1) inform this Court in a sworn declaration that he wishes to formally and forever abandon Ground 5 and proceed on his remaining claims; OR (2) inform this Court in a sworn declaration that he wishes to dismiss this petition without prejudice in order to return to state court to exhaust Ground 5;[1] OR (3) file a Motion for a Stay and Abeyance, asking this Court to hold his

---

[1] In offering this option, the Court makes no assurances as to whether any future petition filed in this court would be timely under 28 U.S.C. § 2244(d). The pendency of this proceeding has not tolled the statutory filing period. See Duncan v. Walker, 533 U.S. 167 (2001).

exhausted claims in abeyance while he returns to state court to exhaust his unexhausted claims.[2] If Petitioner chooses to file a Motion for a Stay and Abeyance, or seek other appropriate relief, Respondents may respond to such motion as provided in Local Rule 7–2.

**IT IS FURTHER ORDERED** that if Petitioner elects to abandon his unexhausted grounds, Respondents shall have **thirty (30) days** from the date Petitioner serves his declaration of abandonment in which to file an answer to Petitioner's remaining grounds for relief.

**IT IS FURTHER ORDERED** that Petitioner shall have **thirty (30) days** following service of Respondents' answer within which to file a reply.

**IT IS FURTHER ORDERED** that Respondents' Motion for Extension of Time (ECF No. 45) is GRANTED *nunc pro tunc* as of April 4, 2019.

**IT IS FURTHER ORDERED** that Petitioner's ex parte motions (ECF Nos. 51, 52) are DENIED.

DATED THIS 31st day of March, 2020.

_____
RICHARD F. BOULWARE, II
UNITED STATES DISTRICT JUDGE

---

[2] See Rhines v. Weber, 544 U.S. 269 (2005).

5