1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

ANTONIO LEE MIXON,

                             Petitioner,

     v.

BRIAN E. WILLIAMS, et al.,

                           Respondents.

Case No. 2:17-cv-02292-RFB-NJK

ORDER

       This is a habeas corpus proceeding under 28 U.S.C. § 2254. Respondents have filed a motion to dismiss in response to Petitioner Mixon's first amended petition for a writ of habeas corpus (ECF No. 44). ECF No. 65. Respondents argue that Ground 5 of the petition is unexhausted and procedurally defaulted. For reasons that follow, the motion is granted.

## I. PROCEDURAL BACKGROUND

       Having initially been charged with murder, Mixon entered a negotiated plea of guilty to voluntary manslaughter with the use of a deadly weapon. ECF No. 23-14 at 2-6. In December 2012, the state district court sentenced Mixon to consecutive ten-year sentences with parole eligibility on each after four years. ECF No. 23-15 at 3-4. Mixon did not appeal his judgment of conviction.

       Mixon initiated state post-conviction proceedings in December 2013, ECF No. 23-26, and thereafter filed numerous pleadings in state court, including a counseled supplemental petition, ECF No. 24-13. The state district court held an evidentiary hearing, ECF No. 24-19, and

1  subsequently denied relief, ECF No. 24-20 at 1-15. Mixon appealed. ECF No. 24-22.

2      Through counsel, Mixon filed an opening brief, but the Nevada Supreme Court

3  subsequently granted Mixon's motion to dismiss counsel and proceed pro se. ECF No. 24-33 at 2-

4  3. The court directed Mixon to file his own brief and indicate whether it was intended to

5  supplement or replace the brief filed by counsel. Id. at 2. Mixon filed an informal brief indicating

6  that he wanted his brief to replace, rather than supplement, the counseled brief. ECF No. 24-34

7  at 2.

8      The Nevada Supreme Court then referred the matter to the Nevada Court of Appeals for

9  disposition. ECF No. 24-37. In August 2017, the Nevada Court of Appeals entered an order

10  affirming the district court's denial of relief. ECF No. 24-41 at 2-6. That same month, Mixon

11  initiated this federal habeas proceeding. ECF No. 1.

12      After Mixon filed an amended petition in January 2019 (ECF No. 44), Respondents filed a

13  motion to dismiss with respect to three grounds for relief – Grounds 3, 4, and 5. ECF No. 46.  In

14  ruling upon the motion, this Court dismissed Grounds 3 and 4, and concluded Ground 5 was

15  unexhausted. ECF No. 53. The Court subsequently granted Mixon's motion for stay and abeyance

16  to allow him to return to state court to exhaust Ground 5. ECF No. 56. This case was re-opened

17  pursuant to Mixon's motion (ECF No. 57) in September 2021. ECF No. 58. On January 3, 2022,

18  Respondents filed the motion to dismiss now before the Court for decision. ECF NO. 65.

19  **II. EXHAUSTION REQUIREMENT**

20      A federal court will not grant a state prisoner's petition for habeas relief until the prisoner

21  has exhausted his available state remedies for all claims raised. Rose v. Lundy, 455 U.S. 509

22  (1982); 28 U.S.C. § 2254(b). A petitioner must give the state courts a "fair opportunity" to act on

23  each of his claims before he presents those claims in a federal habeas petition. O'Sullivan v.

24  Boerckel, 526 U.S. 838, 844 (1999); see also Duncan v. Henry, 513 U.S. 364, 365 (1995). A claim

25  remains unexhausted until the petitioner has given the highest available state court the opportunity

26  to consider the claim through direct appeal or state collateral review proceedings. See Casey v.

27

28

2

1  Moore, 386 F.3d 896, 916 (9th Cir. 2004); Garrison v. McCarthey, 653 F.2d 374, 376 (9th Cir.
2  1981).

3  **III.  DISCUSSION**

4  In Ground 5, Mixon alleges that he is actually innocent of voluntary manslaughter with use
5  of a deadly weapon, the charge for which we was convicted pursuant to a guilty plea. Respondents
6  argue that Mixon failed to exhaust the claim because, although he raised it in his state post-
7  conviction petition in the state district court, he failed to properly appeal the state district court's
8  denial of the petition.

9  Respondents are correct with respect Mixon's failure to fairly present Ground 5 to
10  Nevada's highest court. Mixon's appeal of the lower court's denial of his petition was dismissed
11  for lack of jurisdiction by the Nevada Supreme Court because it was untimely.  See ECF Nos. 66-
12  11, 66-20. Thus, Ground 5 remains unexhausted. See Casey, 386 F.3d at 916 (noting that to satisfy
13  exhaustion requirement a claim must be "raised at all appellate stages afforded under state law").
14  And, because Nevada procedural rules would now bar consideration of Ground 5, the claims is
15  technically exhausted but deemed procedurally defaulted. See Cooper v. Neven, 641 F.3d 322, 327
16  (9th Cir. 2011).

17  A federal habeas petitioner can overcome a procedural default by demonstrating actual
18  innocence of the crime underlying his conviction. Schlup v. Delo, 513 U.S. 298, 313-15 (1995);
19  McQuiggin v. Perkins, 569 U.S. 383, 386 (2013). Here, Mixon's actual innocence claim is based
20  on the lack of reliable evidence (primarily ballistics evidence) showing that he was the one who
21  shot the person he was charged with killing. ECF No. 44 at 16-21. He does not, however, point to
22  any new and reliable evidence to establish his innocence. See Schlup, 513 U.S. at 324 (petitioner
23  must support his actual innocence claim with "new reliable evidence—whether it be exculpatory
24  scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not
25  presented at trial"). Moreover, Mixon admitted in open court that he shot his victim. ECF No. 23-
26  20 at 5-6. Accordingly, Mixon has not shown that the actual innocence exception to procedural
27  default applies, nor has he shown that his default should be excused for any other reason.

28

**IV.  CONCLUSION**

The Court concludes that Ground 5 shall be dismissed as procedurally defaulted.

**IT IS THEREFORE ORDERED** that Respondents' motion to dismiss (ECF No. 65) is GRANTED. Ground 5 of Petitioner's amended habeas petition (ECF No. 44) is dismissed.

**IT IS FURTHER ORDERED** that Respondents have 60 days from the date of entry of this order to file an answer to the remaining grounds for relief in the petition – i.e., Grounds 1 and 2. Petitioner shall have 60 days from the date on which the answer is served on him to file and serve a reply.

**IT IS FURTHER ORDERED** that Petitioner's motion for status check (ECF No. 63) is DENIED as moot.

DATED THIS 9th day of August, 2022.

_____
RICHARD F. BOULWARE, II
UNITED STATES DISTRICT JUDGE